## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ALBERT SERRANO, JR.,** | Case No. 24–cv–08776–ESK |
| Petitioner, | |
| v. | **OPINION AND ORDER** |
| **STATE OF NEW JERSEY SUPERIOR COURTS,** *et al.*, | |
| Respondents. | |

**THIS MATTER** is before the Court on *pro se* petitioner Albert Serrano, Jr.'s petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Petition). (ECF No. 1.) For the following reasons, I will dismiss the Petition without prejudice.

## BACKGROUND & PROCEDURAL HISTORY

1. Petitioner is a convicted and sentenced state prisoner and is presently incarcerated in South Woods State Prison. (ECF No. 1 p. 1.) He was convicted of second-degree robbery and third-degree possession of a controlled substance. (*Id.*)

2. Petitioner's direct appeal was denied. (*Id.* p. 2.)

3. Petitioner filed a post-conviction review petition in the state courts, but that petition was also denied. (*Id.* p. 11.) Petitioner is currently seeking review from the Supreme Court. (*Id.*)

## DISCUSSION

4. Pursuant to Habeas Rule 4, a judge assigned to a § 2254 petition "must promptly examine it. If it plainly appears from the [P]etition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the [P]etition and direct the clerk to notify the petitioner." 28 U.S.C. § 2254 Rule 4.

5. Habeas Rule 2 provides in relevant part that a petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." 28 U.S.C. § 2254 Rule 2(c)(1)–(2).

6. "Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (internal quotation marks omitted). "Habeas Corpus Rule 2(c) is more demanding. It provides that the petition must 'specify all the grounds for relief available to the petitioner' and 'state the facts supporting each ground.'" *Id.* "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243.)

7. "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). The United States Court of Appeals for the Third Circuit has found summary dismissal without the filing of an answer warranted where none of the grounds alleged in the petition would entitle the petitioner to habeas relief, *see United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000), or the petition contains vague and conclusory allegations, *see United States v. Dawson*, 857 F.2d 923, 928 (3d Cir. 1988).

8. The Petition is legally insufficient on its face. Ground One states: "All major evidence during trial was found inadmissible due to the 4th Amendment and Due Process. No Legal Withstanding Evidence." (ECF No. 1 p. 5.) In the section for supporting facts, petitioner writes: "[t]he jury verdict found the defendant not guilty, but the jury changed the degree and crime in the juror's room and return after the defendant being found not guilty, return a verdict for a different degree of the crime, and a crime that was different from the original offense the defendant was being Trialed/or Tried." (*Id.*)

9. It is not clear what claim petitioner is attempting to state here, *e.g.* an insufficient evidence claim or a challenge to the trial court's admission of evidence. Regardless of the type of claim, petitioner fails to provide enough information about the case and evidence in issue to warrant an answer from the State.

10. To the extent petitioner appears to be challenging the verdict because the jury "changed the degree and crime in the juror's room," this is insufficient to state a claim for relief. According to petitioner, he was originally charged with first-degree robbery and third-degree possession of a controlled substance. (ECF No. 1 p. 2.) He was convicted of second-degree robbery and third-degree possession of a controlled substance. (*Id.* p. 1.) There is nothing improper about the jury convicting petitioner on a lesser-included offense of second-degree robbery on the face of the Petition. *See Drury v. New Jersey*, No. 3:13–cv–03135, 2020 WL 3264083, at *9 (D.N.J. June 16, 2020) ("New Jersey appellate courts have the authority 'to enter a judgment of conviction for a

lesser included offense where the jury verdict necessarily constitutes a finding that all of the elements of the lesser included offense have been established and where no prejudice to the defendant results.'" (quoting *State v. Farrad*, 753 A.2d 648, 658-59 (N.J. 2000))). Petitioner must provide more facts about his case for me to conclude that he has a possible claim for relief.

11. Ground Two states "2 denials that unconstitutional, due to inadmissible evidence being the cause of judgment." (ECF No. 1 p.7.) Ground Three merely states that petitioner "already explained and raised in Ground's [sic] One and Two," (*id.* p.8), and Ground Four states: "Appeals being filed for 2 Unconstitutional denied direct appeal's [sic] that were denied due to inadmissible evidence at trial, and at a trial which the Defendant was found not guilty for tried offense." (*Id.* p.10.) Again, these claims are too vague to determine what petitioner asserts happened during trial and what facts support his claims.

12. I find that the Petition is facially deficient under Habeas Rule 2 and will dismiss the Petition without prejudice to the filing of an amended petition which complies with the aforesaid pleading requirements and is on the form provided by the Clerk.

13. Any amended petition must provide specific facts that support petitioner's claims for relief.

14. A certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) is denied because jurists of reason would not find it debatable that dismissal of the Petition is correct. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Accordingly,

**IT IS** on this   **23rd** day of **October 2024**   **ORDERED** that:

1. The Petition at ECF No. 1 is dismissed without prejudice for failure to comply with the rules governing habeas corpus pleadings, 28 U.S.C. § 2254 Rule 2.

2. The Court denies a certificate of appealability, 28 U.S.C. § 2253(c)(2).

3. Petitioner may file a proposed amended petition within **30 days** of this order. Any amended petition shall be on the form provided by the Clerk and must provide specific facts that support petitioner's claims for relief.

4. The Clerk shall send petitioner a blank "Petition for Relief From a Conviction or Sentence By a Person in State Custody, AO 241 (modified):DNJ-Habeas-008(Rev.01-2014)" form.

5. The Clerk shall send petitioner a copy of this opinion and order by regular mail and mark this case closed.

                                                  */s/ Edward S. Kiel*
                                                  **EDWARD S. KIEL**
                                                  **UNITED STATES DISTRICT JUDGE**